Nathaniel H. Gifford vs. Dunn Brothers — W. C. A. No. 1004.

May 15, 1930.

BLODGETT, P. J. Heard upon petition for payment of services of a physician.

John Delory, an employee of Dunn Brothers, received personal injury by an accident on August 22, 1929, being the cutting and bruising of his left hand. Petitioner claims that he treated Delory, gave notice to the employer, and that his bill is $65.

The sole issue is whether petitioner gave notice as required by the Workmen's Compensation Act and whether the amount of the bill is excessive.

John Delory, the employee of defendant, was admitted to the Rhode Island Hospital August 22, 1929. August 23, 1929, the following notice was sent by the Rhode Island Hospital to Dunn Brothers:

"Providence, R. I.
Aug. 23, 1929.

Dunn Bros.,
139 Baker St.,
City.

John Delory was admitted to the Hospital on Aug. 22/29 and states he was injured while in your employ.

Will you kindly tell us if the statement is correct and let us know whether you carry insurance under the Workmen's Compensation Act, and if so, with whom?

Yours truly,
William O. Rice, M. D.,
Asst. Superintendent."

With this notice the following letter was sent:

"Providence, R. I.
Aug. 23, 1929.

Dunn Bros.,
139 Baker St.,
Providence, R. I.

Gentlemen:

At a recent meeting of the Board of Trustees of the Rhode Island Hospital, after a good deal of thought, it was voted to amend one of the rules of the Hospital so that the members of the medical and surgical staff would be allowed to receive compensation for treating at this Hospital such patients as come under the provisions of the Workmen's Compensation Act.

Bills for such services will be rendered directly to the employer by the physicians.

Yours truly,
John Peters, M. D.,
Superintendent."

This was the only notice sent defendants. Same was sent within seven days as required by the Act. Petitioner is on the surgical staff of the hospital.

In the opinion of the Court this meets the requirements of the Act.

A bill of $65 for services was sent by petitioner directly to respondents within the time required. The Court can not say from the testimony offered that the amount is too large.

Decision for petitioner for $65 and costs.

For petitioner: Edward A. Stockwell.

For respondent: Hinckley, Allen, Tillinghast, Phillips & Wheeler.